year 1918. The taxpayer has sustained the burden of proof by evidence showing the divestment of all title to the lands in 1918 and the possession of no assets by the debtor out of which the debts might be paid. It was then incumbent upon the Commissioner to submit to us the proper evidence showing that the debt was ascertained to be worthless in some year other than 1918. The Commissioner contends that the debt was ascertained to be worthless in 1916, because the debtor then had liabilities of $47,000 and assets of $4,000, *without including the oil lands therein.*

Assuming that the tax-lien certificate constituted a sale of the land, subject to the condition subsequent of redemption by the discharge of the lien within two years, that equity or right of redemption was an asset the value of which would be determined by the value of the land less the lien and other charges in connection therewith. We do not deem that it was incumbent upon the taxpayer, under our rules, to negative a contention by the Commissioner, but rather that the Commissioner should prove the worthlessness of the debt in a year other than 1918, in contradiction of the proof by the taxpayer that the debt was ascertained by him to be worthless in 1918 and then charged off. The deduction of the bad debts should be allowed for 1918. See *Appeal of Steele Cotton Mill Co.*, 1 B. T. A. 299; *Appeal of Murchison National Bank*, 1 B. T. A. 617; *Appeal of Magnus, Mabee & Reynard, Inc.*, 1 B. T. A. 907; *Appeal of G. C. Krack*, 1 B. T. A. 1119.

---

## APPEAL OF SAM ISRAEL.

Docket No. 4045. Submitted October 1, 1925. Decided February 11, 1926.

*F. O. Graves, Esq.*, for the Commissioner.

Before MARQUETTE, GREEN, and LOVE.

This is an appeal from the determination of a deficiency in income tax for the year 1923 in the amount of $118.38.

The deficiency arises from the Commissioner's refusal to allow the taxpayer a deduction of $3,000 as traveling expenses.

### FINDINGS OF FACT.

1. The taxpayer, a resident of New York City, was employed during the year 1923 as a traveling salesman, selling goods on a commission basis of 5 per cent on all orders delivered and paid for. The location and extent of the territory covered by him does not appear.

2. The total amount received by the taxpayer from his employer during 1923 was $7,404.96, of which $2,700 represented advances for traveling expenses. These advances covered a period of 27 weeks during which he was traveling.

3. The taxpayer's traveling expenses consisted of disbursements for railroad fares, hotel rooms, meals, sample rooms, baggage transfers, excess baggage charges, sample carriers, tips, and entertainment of prospective buyers. He also made some expenditures entertaining customers in New York.

4. The taxpayer kept no account of the expenses above described, and the amount of the deduction he claims is based upon his approximation of average weekly expenditures. No evidence was offered from which personal expenses could be segregated from the amounts expended.

#### DECISION.

The determination of the Commissioner is approved. *Appeal of Barnett Weiss*, 3 B. T. A. 228.

---

## APPEAL OF W. F. SEVERA CO.

Docket No. 1702.    Submitted October 20, 1925.    Decided February 11, 1926.

Evidence *held* insufficient to establish value of good will.
Additional salaries disallowed.

*W. T. Frame, Esq.*, and *P. L. Billings, E. G. Prouty*, and *I. B. McGladrey, C. P. A.'s*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

### Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency in income and profits taxes in the amount of $13,021.06 for the calendar year 1918. It is alleged that the Commissioner erred: (1) In refusing to allow claimed additional salaries amounting to $12,000; (2) in adjusting taxpayer's opening inventory for the year; and (3) in refusing to permit the inclusion in invested capital of an amount claimed to represent the purchase price of good will. In the petition the taxpayer also claimed the right to assessment under sections 327 and 328 of the Revenue Act of 1918, but it withdrew this claim.

#### FINDINGS OF FACT.

The taxpayer is an Iowa corporation, with its principal office at Cedar Rapids, and is engaged in the manufacture of proprietary medicines.